[Cite as *State v. Danley*, 2012-Ohio-3717.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

     Plaintiff-Appellee                    :               C.A. CASE NO.    24901

v.                                             :               T.C. NO.    09CR2831

YAVONNE DANLEY                                 :               (Criminal appeal from
                                                               Common Pleas Court)

     Defendant-Appellant                   :

                                               :

. . . . . . . . . .

## **O P I N I O N**

Rendered on the ___17th___ day of _____August_____, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Yavonne Danley appeals from a judgment of the Montgomery County

Court of Common Pleas, which revoked her community control and sentenced her to three years in prison. For the following reasons, the trial court's judgment will be affirmed.

*Procedural History*

{¶ 2} In December 2009, Danley pled guilty to felonious assault, a second degree felony. The trial court sentenced her to community control sanctions, which included, among other requirements, that she complete a term of up to five years of intensive probation supervision, that she abide by a curfew set by her probation officer, that she pay her ordered child support, and that she abstain from the use of illegal drugs, drugs of abuse, and alcohol. The court indicated that, if Danley violated any condition of her community control, she faced a longer period of time under the same sanction, a more restrictive sanction, or seven years in prison.

{¶ 3} In October 2011, Danley was notified that she had allegedly violated the conditions of her community control, and she was ordered to appear in court to admit or deny the following violations:

> You violated Rule #1, "I shall refrain from violation of any law (Federal, State, County and City). I shall get in touch immediately with my probation officer if arrested or questioned by a law enforcement officer." Although not arrested, on September 21, 2011, you were listed as the suspect in a felonious assault charge in which the victim was cut with a knife.

> You violated Rule #6, "I shall not use or possess any controlled substances or drugs of abuse. I consent to medical tests to determine if I have violated this condition. (All medications need to be in original

prescription bottles or packet.)" You violated this condition as you submitted a urinalysis sample on September 29, 2011, which tested positive for marijuana.

You violated the conditions of your supervision in that the police report filed on September 21, 2011, occurred at approximately 11:30 p.m., which is past your stated curfew of 9:00 p.m. to 7:00 a.m. The police report also indicates that you were under the influence of alcohol. During an office visit on September 29, 2011, you admitted to drinking alcohol and using illegal drugs three days prior to the visit. Furthermore, you have failed to make payments toward your child support.

Danley initially denied the allegations and asked for an evidentiary hearing.

{¶ 4} The revocation hearing was held on November 7, 2011. At the beginning of the hearing, the court noted that the matter had been discussed in chambers and that the parties agreed that Danley would waive the evidentiary hearing and admit to one or more of the violations. Danley then admitted to violating the requirement that she abide by a curfew. Based on that admission, the court found that Danley had violated her community control.

{¶ 5} Trial counsel advocated that Danley remain on community control. He argued that Danley's violation occurred because she was distraught over the death of her grandmother, that Danley had worked hard to regain custody of her children, and that the court should not consider the unproven allegations of a new felonious assault. Danley, speaking on her own behalf, discussed both the reasons for her failure to comply with

community control and her eagerness to continue with community control. Danley asked that she be permitted to participate in the MonDay program, and she indicated that a bed would be available to her in a few weeks.

{¶ 6} After considering Danley's original charge of felonious assault, the new allegations against her, and her history of compliance with the community control sanctions, the trial court revoked Danley's community control and sentenced her to three years in prison. The court ordered that Danley be remanded to custody to begin serving her sentence.

{¶ 7} In response to the court's sentence, Danley repeatedly asked for time to arrange for her child. She began, "Three years – * * * My kids in the car. Can I have two weeks? Can I have two weeks to get my kids situated * * * please?"

{¶ 8} Danley's counsel expressed surprise at the trial court's sentence. He stated:

I understand where the Court's coming from, but (indiscernible) * * * you said in your view. And (indiscernible) to me was, did I think that two years would be fair. I didn't realize that after looking at (indiscernible) prior record (indiscernible) * * *.

* * * I'm asking the Court to reconsider the plea in light of your last statements to me was that I know you were (indiscernible) the entire (indiscernible) Greene County (indiscernible) record. One point to consider (indiscernible) two, and then in addition, (indiscernible) the Court stay execution for at least a brief period so that she can (indiscernible) situated.

{¶ 9}   The trial court asked the State if it opposed allowing Danley to report for her sentence.  The State asked that the court "not revisit the sentence as requested by [defense counsel]."  It further stated, "[A]s the Court has already noted, [Danley] knew that there was a court date today. I believe she does have some family members here with her as well."  The trial court denied Danley's request and repeated its order that she be remanded to custody.

{¶ 10}   Danley appeals from the revocation of her community control, raising one assignment of error.

*Ineffective Assistance of Counsel*

{¶ 11}   In her sole assignment of error, she claims that she "received ineffective assistance of counsel at the hearing on the revocation of her community control sanctions."

{¶ 12}   We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.  *Strickland,* 466 U.S. at 688.  To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that counsel's errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different.  *Id.*  Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial

strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992).

{¶ 13} Danley asserts that her trial counsel acted deficiently in either of two ways. First, she states that her counsel "did not properly communicate what would be the Court's disposition to his client, so that Ms. Danley admitted a violation of community control without being properly informed of what sentence would be imposed as a consequence of that admission." Alternatively, she asserts that, if the trial court had informed defense counsel that it would impose a two-year sentence, her attorney nonetheless rendered ineffective assistance by failing to "object vigorously" to the court's imposition of a harsher sentence and by failing to make a record of the court's assurance to counsel that it would sentence Danley to two years.

{¶ 14} Danley's assertion that her attorney did not properly communicate the sentence that she would receive is not supported by the record. The record contains no information about the communications between Danley and her counsel regarding her possible revocation of community control. Accordingly, we have no basis to evaluate whether Danley's counsel gave inaccurate information to Danley about the sentence she could expect to receive if her community control were revoked.

{¶ 15} Nor can we conclude, based on the record before us, that Danley's counsel acted deficiently upon hearing the trial court impose a three-year sentence. Although many of counsel's statements to the court were indiscernible, it is apparent that counsel raised his concern over the length of the court's sentence. Counsel expressed that the court had implied, in chambers, that it was considering a two-year sentence, as reflected by the court's

question to counsel if "two years would be fair." Counsel also indicated his surprise concerning the information that the court considered in reaching its sentence. Counsel expressly asked that court to reconsider its judgment. He also asked, in the alternative, that the court stay execution of the judgment, apparently so that Danley could make arrangements for her children. The record does not support Danley's contention that her counsel failed to vigorously object to the trial court's sentence.

{¶ 16} Finally, Danley claims that her counsel should have made a record of the court's promise to impose a two-year sentence, assuming the trial court did, in fact, make such a promise. The record does not contain a transcript (or "statement of the evidence" per App.R. 9(C)) of the discussion held in chambers prior to the revocation hearing. Thus, we can only speculate about whether the trial court promised Danley a two-year sentence or, instead, discussed possible options that the court was considering. In the absence of evidence that the court promised to impose a two-year sentence, we cannot conclude that counsel's objection to Danley's sentence was inadequate.

{¶ 17}    The assignment of error is overruled.

*Conclusion*

{¶ 18}    The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and RICE, J., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Kirsten A. Brandt

Jeffrey T. Gramza
Hon. Timothy N. O'Connell